Lansing *v.* Wiswall.

## Lansing *vs.* Wiswall.

Counts for obstructing a private way, may be joined with other counts for obstructing a public highway to the plaintiff's damage.

But for an obstruction to a public highway it is essential that special damages should be alleged and proved.

And where the declaration contained counts of both kinds, though only one cause of action was claimed to exist; *held* that the plaintiff was not bound to elect on the trial whether he would claim the premises to be a public or a private road, but might submit the case to the jury to find upon either ground as the evidence might warrant.

But the defendant in such a case may require the jury, if they find for the plaintiff, to assess the damages upon some single count and find a verdict in his favor on the other counts.

An individual may sue for an obstruction to a public highway where special damages have resulted to him; as where he has expended money in removing obstructions so that he could travel on the road.

An exception will not lie to the ruling of a circuit judge as to a matter of fact.

A devise of land to which a right of way is appurtenant, will pass the easement to the devisee, although it be not particularly specified in the will.

And where the owner of a farm to which there was a right of way appurtenant, devised it in separate parcels to two persons; *held* that each acquired a right of way as appurtenant to his particular part of the land.

Where a case presented questions of fact and law, and also as to the measure of damages, and the judge charged that upon the proof in the case the plaintiff was entitled to recover the actual damages he had sustained by the alleged injury, and the defendant excepted generally; *held* that the exception was wholly unavailing.

An exception can only be taken upon some particular point of law.

Where the plaintiff proved that a road leading from his dwelling house across the lands of others to a village, had been used for travelling for more than forty years, and that the defendant, who occupied lands through which it ran had recently obstructed it; *held* that the plaintiff was entitled to recover though it appeared that it had formerly been part of a public highway, and the commissioner of highways, more than twenty years before the commencement of the suit, had changed the route of the highway so as to discontinue it at the place where the obstructions were put, it also appearing that the plaintiff and his predecessors in the title to the farm which he owned had continued to use and enjoy it notwithstanding such discontinuance.

Twenty years' uninterrupted and unqualified enjoyment of a way across the lands of another is decisive evidence of a grant of the right of way.

Whether the theory is that the law in such a case, will presume a grant; or will call for a jury to find it as a matter of fact, *quere. Per* BEARDSLEY, J.

CASE, tried at the Albany circuit, in October, 1844, before PARKER, Cir. J. The action was for obstructing a *way.* The two first counts alleged that it was a way appurtenant to the plaintiff's farm in Watervliet, by means of which he was accustomed, and was entitled, to pass and repass to and from his house and farm to and from the common and public highway leading to Hudson river at West Troy. The other two counts averred that it was a public highway of the town of Watervliet, and that the plaintiff as the owner and possessor of a messuage, &c. adjoining said highway was entitled to the use and enjoyment of such highway. The obstruction complained of in each count was the erecting of fences and a ditch across the way. Plea, not guilty.

From the evidence it appeared that the plaintiff owned and possessed a farm in West Troy which had formerly belonged to his father, and before that to his grandfather, Abraham Vandenburgh. Henry A. Lansing owned a farm south of the plaintiff's; and south of that was the Schuyler farm, a part of which was occupied by the defendant, and upon which the obstruction complained of was made. The road in question came from the north, and after running across the plaintiff's farm, continued for some distance along his south line near his dwelling house, and then ran across H. A. Lansing's farm on to the Schuyler farm, and so to West Troy. This road had been used for sixty years before the trial, and there was formerly a gate on it at every line fence; but there had been no gate south of the plaintiff's line for the last fifty years, though there had always been a gate at that line. Vandenburgh's farm included both the plaintiff's farm and H. A. Lansing's. At his death the plaintiff's father succeeded him in the possession, as owner, and on the death of the latter, in 1826, he devised to the plaintiff and to H. A. Lansing, who was also his son, the several farms which they respectively occupy.

A new road was laid out by the commissioners of highways in 1803. It ran from West Troy, northerly on the old road, to a point on the Schuyler farm south of H. A. Lansing's farm, and then, leaving the old road, turned westerly and northerly

and again united with the old road at a point on the plaintiff's farm, west of his dwelling house, which was thus cut off from the track of the road, and the plaintiff was obliged, if he used the new road, to travel about a quarter of a mile further to get to West Troy. Since the laying out of the new road it has been constantly used as a public highway; and that part of the old one, west of the plaintiff's house and between that and the place where it joins the old road, has been closed and aban‑ doned; but from the plaintiff's house, south, across H. A. Lan‑ sing's farm and until it again unites with the new road, it has been kept open; and for sixty or seventy years, the road from the plaintiff's house to West Troy has been where it now is, though since 1803, the old and new road have coincided for a portion of the distance. Before the new road was laid out, all the travel was along the road passing near the plaintiff's house; since then the public travel has gone the other way; but that part of the old road from the plaintiff's house to the point of intersection on the Schuyler farm has always been used in passing to and from the plaintiff's house and farm. In 1843 the defendant erected two fences across the old road at a point on the Schuyler farm, north of the point where they came to‑ gether and south of H. A. Lansing's line. They were taken down by the plaintiff, and then the defendant dug a ditch across the road, which the plaintiff filled up. It was for these acts that the action was brought. The plaintiff had been at an expense of about two dollars in taking down the fences and filling up the ditch.

The defendant's counsel, before any testimony had been given, and also after the plaintiff had rested, and again when the testimony on both sides was closed, asked the circuit judge to require the plaintiff to elect between the counts alleging a public highway and those claiming the premises to be a private way; but the judge declined to do so, holding that the plaintiff had a right to submit the case to the jury without any election between these two grounds of recovery, and that he might recover either for a public or private road. The defendant's counsel excepted. The defendant's counsel also insisted that

even if the plaintiff's father had a right of way, such right had not been acquired by the plaintiff by deed or devise, and that the plaintiff had not acquired the right by user. The judge however charged the jury, that on the proof in the case the plaintiff was entitled to recover the actual damages he had sustained by the obstruction of the road. The defendant's counsel again excepted. Verdict for the plaintiff, $2 damages.

*C. L. Jenkins & D. Buel,* for the defendant. 1. The judge erred in not compelling the plaintiff to elect between the two sets of counts. ( *Winchell* v. *Latham,* 6 *Cowen,* 682 ; *Graham on New Trials,* 315.) 2. He erred in deciding that the plaintiff might recover either for a public or a private road. It enabled the jury to find against the defendant without determining what the plaintiff's right was. 3. He erred in holding that the plaintiff was entitled to recover at all. There was clearly no public road there after the new one was laid out ; and if there was ever a private road, it was extinguished by the division of the Vandenburgh farm between the plaintiff and H. A. Lansing. If it were a public highway, an action by an individual for obstructing it would not lie. (*Hubert* v. *Groves,* 1 *Esp.* 148.) The remedy is by indictment. Again ; a prescription for a private way cannot commence or be established by the continued use of a road which had been discontinued by the public authorities.

*D. Wright,* for the plaintiff.

*By the Court,* BEARDSLEY, C. J. Case is the proper form of remedy where any action is maintainable for obstructing a public or private way. This difference, however, should be observed, that while the law gives redress for every such injury to a private way, an action for obstructing one which is public will only lie where special damage has been sustained. (1 *Ch. Pl. ed.* 1837, *p.* 162 ; 2 *id. pp.* 807 *to* 814 *and notes ; p.* 599, *a, and note ; Woolr. on Ways,* 52 *to* 54 ; *Lansing* v. *Smith,* 8 *Cowen,* 146.) There is no incongruity in a joinder of separate

counts in the same declaration for both descriptions of injury; and in such a case, all the counts being proved, the plaintiff will be entitled to recover on each and all of them. But if a single cause of action is alone in question on the trial, the plaintiff should not be required to elect which count in particular he will proceed upon, so as thereby to make the designation of the way referred to in the selected count, as public or private, an indispensable ingredient in the cause of action to be proved on the trial. The plaintiff may claim that the evidence is such as to maintain one of the counts in particular, and if not, that it does another, leaving the jury to decide upon which, if either, they will render a verdict in his favor. This gives no undue advantage to the plaintiff, for it simply allows him to insert a variety of counts so as to avoid a variance in the statement of his cause of action. Nor can the defendant be thereby misled or in any manner prejudiced. He may require the judge to instruct the jury as to the nature and qualities of each description of injury, with the usual right to except if the charge is supposed to be erroneous; as he also may require the jury, if they find for the plaintiff, to assess his damages on some one count in particular, and on the others render their verdict for the defendant. But there is no ground, as it seems to me, for requiring the plaintiff, in such a case, to select a particular count on which alone he must recover if at all. It is enough for him if he proves a right of action which falls within any one of his counts, leaving the jury to determine by their verdict which one in particular has been established by the evidence. The judge therefore decided correctly in refusing to compel the plaintiff to select a particular count, and the exception on this point must be overruled.

I do not see that any thing which deserves to be called an exception, was taken by the defendant to the charge or to any ruling of the judge. The defendant insisted that if the plaintiff's father had such a right of way as was now claimed by the plaintiff for himself, it had not been shown that it was ever conveyed to the plaintiff by deed or devise. This was a question of fact, not of law; and upon which no exception would

lie whatever the opinion of the judge might be. But it does not appear that the judge expressed any opinion on the point, or gave any advice to the jury in relation to it. Besides, the fact was not as the defendant assumed it to be, for he had himself proved that the plaintiff acquired title to his share of the Vandenburgh farm by devise from his father. If this right of way was appurtenant to the farm, a devise of the latter would carry with it the right of way although not particularly specified in the will. (*Kent* v. *Waite,* 10 *Pick.* 138; *Atkins* v. *Boardman,* 2 *Metc.* 464.) And although the farm was devised in separate parcels to the plaintiff and his brother Henry A. Lansing, each thereby acquired a right of way as appurtenant to his particular part of the land. (*Watson* v. *Bioren,* 1 *Serg. & Rawle,* 527; *Codling* v. *Johnson,* 9 *Barn. & Cress.* 933.)

The judge charged in general terms " that on the proof in the case the plaintiff was entitled to recover the actual damage he had sustained by the obstruction of the road, to which charge the counsel for the defendant then excepted." Now to what point or principle involved in this charge did the defendant intend to except? Was it that there was a question of fact for the jury, and which should be submitted to them for decision; or was it that the defendant objected to the rule of damages laid down by the judge? Or did the defendant intend to make a question which was broached on the argument, and insist that no such special injury had been shown as would authorize a recovery for obstructing a public way? On this point the case of *Hubert* v. *Groves,* (1 *Esp.* 148,) was referred to on the argument. But aside from the difficulty that no such point was made on the trial, the case referred to is not regarded as authority in England or in this state. (*Greasly* v. *Codline,* 2 *Bing.* 263; *Wilkes* v. *Hungerford Market,* 2 *Bing. N. C.* 281; *Pierce* v. *Dart,* 7 *Cowen,* 609.)

An exception can only be taken on some particular point of law, for a mere general exception to a general charge amounts to nothing. If such an exception could be held good for any purpose, I do not see but that the whole body of the law of ways, public and private, might here be drawn in question.

Lansing *v.* Wiswall.

But this could not be allowed. The defendant should have put his finger on the particular point of law which he wished to raise, and by requesting the judge to charge upon it the question might have been made in an intelligible form. But upon this general exception it is impossible to ascertain what point was intended to be made, or the particular ground on which the opinion of the judge was founded. Nothing appears beyond the general conclusion that the plaintiff was entitled to recover, to indicate the view taken by the judge of the cause. It cannot even be collected from the bill of exceptions whether the way was regarded by him as public or private. But although we are thus left in the dark as to the particular ground on which the judge placed his opinion, we can very readily see that the evidence was such as to authorize, and indeed require, the jury to find for the plaintiff. This way had been used by the plaintiff and those whose rights he had, for some forty years, and there was nothing to repel the presumption that the right thus enjoyed had been originally granted by the owner of the land over which the way passed. Twenty years' uninterrupted and unqualified enjoyment of such a right is decisive evidence of a grant. I shall not say that the law, on such evidence, will conclusively presume a grant; but, whatever the distinction may be worth, the law does require the jury to presume and find it. It would here, however, be out of place to enter upon a discussion of this or any other particular proposition involved in the general conclusion stated by the judge. He may have acted upon this or some other view of the case, and the exception was not so taken as to raise any question whatever. The party who objects to a verdict must show that it was founded on error in law or in fact. We do not see that there was error in any point ruled by the judge, and no question of fact can arise on a bill of exceptions. A new trial must be denied.

New trial denied.