## CHRISTOPHER KEYES *v.* CHARLES DEVLIN.

Upon a motion for a new trial and upon an appeal from an order made on such motion, the court may review all the proceedings had upon the trial, and consider alleged erroneous rulings, although not formally excepted to, and where there has been, in the charge to the jury, a misdirection which the court perceive may have wrought injustice, a new trial would be ordered, although no exception was taken.

But on an appeal from a judgment, the hearing thereon is like the former review by a writ of error, and the rulings on the trial and the charge to the jury are only open to examination so far as they were excepted to.

A general exception to the whole charge and to every part thereof, where the charge embraces many separate propositions, is improper and will not be entertained.

In an action for an assault and battery, if it appear that the defendant acted under an honest belief that he was in immediate danger of an assault from the plaintiff and that self-defence required force to repel such assault; that belief, if induced by the conduct of the plaintiff at the time, but not otherwise, should relieve the defendant from vindictive or exemplary damages.

Mere words do not amount to an assault, and no words will justify an assault and battery, though they may be proved in mitigation of damages.

It is the duty of one who is assailed to endeavor to avoid the assault; and an assault cannot be justified as made in self defence unless the danger of injury is so manifest and pressing that no other reasonable means of self-protection are immediately available.

ACTION for an assault and battery. A witness for the plaintiff testified, that the parties were both contractors, and were walking together upon a public sidewalk, when he saw the defendant, with his right hand, strike the plaintiff, whose hands were in his pockets, and knock him down twice. Another witness stated that he observed the plaintiff down and endeavoring to rise, when he was felled by a blow from the defendant. The plaintiff walked away with difficulty, and required assistance. The face and back of the head were bruised, cut, and disfigured. The witness could not state what words, if any, passed between the parties.

On the part of the defendant, a witness said, " I saw them going at it; I saw the plaintiff at it; they both squared off, and the plaintiff got down; there was only one stroke; the defend-

Keyes *v.* Devlin.

ant gave it; the defendant never raised hand or foot while the plaintiff was down; the defendant then went off eight or ten feet; there was blood in the defendant's mouth after it was over; I said it was a shame for respectable men to quarrel in the street; I did not hear any of the conversation before they squared off; I am certain there was only one blow struck."

The plaintiff then recalled a witness, who stated that the defendant had no blood upon his person. And another witness for the plaintiff being recalled, said, " I noticed defendant particularly; there was no blood on his face, nor any mark of violence."

This was the whole of the testimony relevant to the issue. The cause was tried before a jury, INGRAHAM, FIRST J., presiding, who, as stated in the bill of exceptions prepared on the appeal, charged them in substance as follows:

"The claim in this case is for an assault. The rule is, that when one assaults another, he is responsible for his violence. There are cases which excuse assaults. When two engage in a fight voluntarily, neither is entitled to damages from the other. If the jury should not find the assault to have been committed in such a manner, they must inquire who committed it. No words allow a man to assail another with blows; if he does so he is responsible in damages. If one is assailed or threatened, he has a right to defend himself, but no more violence can be used than is necessary in self defence. And it is the duty of one who is assailed to endeavor to avoid the assault. If threatening language is used, it does not justify a blow, but it may be taken into account in estimating damages. If the defendant committed the assault without provocation, he is responsible; if in self defence, and he used no more violence than was necessary, he is not. Unless the assault was committed in self defence, the jury must find a verdict for the plaintiff, whether or not the defendant thought the plaintiff was about to commit an assault upon him. If the defendant did so think, that goes to the question of damages only."

The bill stated that to these instructions, and every part of them, the defendant excepted.

The defendant then requested the court to charge— · ·

First. " That if they believed that Devlin resorted to violence under an honest belief that the plaintiff intended him bodily injury, the plaintiff could not recover vindictive damage unless the defendant's violence was excessive." The judge charged that honest belief was to be considered on the question of damages, and that it was for the jury to say how far it should influence that question. Exception.

Secondly. " That if Devlin was deceived by appearances, and his violence was not extreme, the plaintiff cannot recover except for actual pecuniary injury." The judge charged, that if the jury believed the fact, as stated in his proposition, the plaintiff could only recover for actual damage, and that actual damages was such as the jury thought from the circumstances would compensate the plaintiff. Exception.

Thirdly. " That actual damages meant outlays of money in recovering from injuries, loss of time, and mere items of pecuniary loss." The court refused so to charge, and the defendant excepted.

The jury found for the plaintiff two hundred and fifty dollars damages.

The defendant, in the first instance, moved, at a special term, upon a bill of exceptions, for a new trial, which was denied. Without appealing from the order entered upon that decision, he suffered a judgment to be docketed, and from such judgment appealed to the general term.

*John Graham*, for the defendant, made and argued the following points :

I. The charge of the court to the jury was erroneous in stating that " no words allowed a man to assail another with blows." It distinctly denied that a threat of violence conveyed in words justified or excused an assault provoked by it. (*Stevens* v. *Meyer*, 4 Carr. and P. 349.)

II. The charge of the court was also erroneous in stating " that it is the duty of one who is assailed to endeavor to avoid

the assault." This rule only applies where both parties start in *pari delicto,* or are in equal fault. At common law, where two persons engaged in a fight, being both culpable, it was the right of either to decline the contest at any time, and if pushed or pursued to the wall, then violence, even to death, if necessary, was excusable. This rule does not apply where an individual, not offending in any way, is visited with violence. He can stand at once on the defensive. The law does not destroy manhood. (*Shorter* v. *The People,* 2 Coms. 193.)

III. The court erred in refusing to charge the jury that " if the defendant thought that the plaintiff was about to commit an assault upon him, he was entitled to a verdict."

IV. The court erred in refusing to charge the jury as requested, that if they believed Devlin resorted to violence under an honest belief that the plaintiff intended him bodily injury, the plaintiff could not recover vindictive damage unless the defendant's violence was excessive. There is a great distinction in law between vindictive or exemplary and merely compensatory damages, and the cases in which either are recoverable. Although the court cannot tell the jury what verdict they are to render in either case, it is its duty to instruct them as to the difference between the two grounds of recovery. By telling the jury, in the present case, that they should say how far Devlin's belief should influence the question of damages, the court confided to them an arbitrary, unrestrained discretion. (*Krom* v. *Schoonmaker,* 3 Barb. S. C. R. 647 ; *Cushman* v. *Ryan,* 1 Story, 91, 100 ; *Cook* v. *Ellis,* 6 Hill, 466, 7, 8.)

V. The court erred in refusing to charge the jury as requested, that if the defendant was deceived by appearances, and his violence was not extreme, the plaintiff could not recover, except for actual pecuniary injury. Actual damage has a well defined meaning, and it was denying these words their well ascertained legal meaning, to say that they should be such as the jury thought, from the circumstances, would compensate the plaintiff. An unintentional, though inexcusable injury, in law, is passed upon on principles peculiar to itself.

VI. The court erred in refusing to charge the jury as re-

quested, that actual damages meant outlays of money in recovering from injuries, loss of time, and mere items of pecuniary loss. Actual damage for the purposes of this case was correctly defined by the defendant's counsel.

*Hiram Ketchum*, for the plaintiff, made and argued the following points :

I. Where there is a general exception to the charge, the general bearing of the charge will be examined, and if that is not plainly injurious to the defendant, in some matter of law, the judgment must be affirmed. (21 Wend. 360 ; 8 ib. 109, 111, 112 ; 4 ib. 489.)

II. As to the first request of the defendant's counsel, whether the judge did or did not err in refusing to charge as requested, cannot affect the merits of the case, as there was not the slightest evidence to show that the defendant could entertain any belief that bodily injury was intended him. Moreover, the court did, in answer to the defendant's second request, charge substantially in compliance with his first request.

III. As to the second request of the defendant's counsel, it is similar, in effect, to the first, and liable to the same objections.

IV. As to the third request, it is merely an extension of the first and second, and could in nowise affect the merits. And the court's answer to it was correct. Therefore, whether these were or were not errors, they were immaterial, and an immaterial error of the court, in the progress of the trial, will not entitle the party against whom such error was committed, to a new trial. (4 Barb. 324 ; 3 ib. 548 ; 1 Denio, 525 ; 2 Hill, 205 ; 3 ib. 214 ; 2 Coms. 102.) If the judge had, in any respect, erred in his charge, the court will take into consideration how far the misdirection was material, and grant a new trial or not accordingly. When a question of misdirection arises, the first inquiry is, whether it was in a material point, and affected the merits of the case. And when the charge, if right, would have produced the same result, a new trial will not be granted on

the ground of misdirection. (*Fleming* v. *Gilbert*, 3 John. 528 ; *Mansfield* v. *Wheeler*, 23 Wend. 79 ; 3 East, 455.)

V. But the charge of the judge was correct, and in all respects as favorable for the defendant as the law and the facts in the case would allow. And the questions of fact having been legally submitted to the jury by the court, their finding is conclusive, and the verdict cannot be set aside. (1 Hill, 61 ; 12 Johns. 455 ; 1 Cow. 251 ; 18 Wend. 141 ; 3 Hill, 75, 250 ; 15 Wend. 490.)

BY THE COURT. WOODRUFF, J.—The only grounds upon which a reversal of the judgment is sought in this case are alleged errors in the charge to the jury ; and the case comes before us not upon a motion for a new trial, but on appeal from the judgment, on the hearing of which the appellant is confined to the exceptions taken at the trial.

Had the defendant appealed from the order made at special term denying the defendant's motion for a new trial, the whole charge would have been open to examination, and whether excepted to or not the inquiry here would have been proper whether it satisfactorily appeared that injustice was done to the defendant by what now appeared to be a misdirection.

But on appeal from the judgment no such general inquiry can be entertained. We have repeatedly held that such an appeal is like a writ of error under the former practice, and that it only brings under review such rulings on the trial as are duly excepted to.

I say this for the purpose of showing the limits of our present inquiry, and not as an intimation that there was any misdirection not duly excepted to, which would warrant our interposition upon the ground that the defendant had been unjustly convicted. On the contrary, upon an examination of the whole case I am satisfied that there was nothing in the charge which in its application to the evidence was in any wise prejudicial. It is true that "no words allow a man to assail another with blows." Threatening words accompanied by an

advance in a threatening attitude may amount to an assault, and will justify the use of whatever violence may be necessary to repel a meditated attack. And this is the utmost that can be inferred from the cases cited by the counsel for the appellant. (*Stephens* v. *Myers*, 4 C. and P. 349; *Shorter* v. *The People*, 2 Coms. 193–202.) But mere words do not amount to an assault, and though they may mitigate do not justify an assault.

So the general proposition that "it is the duty of one who is assailed to endeavor to avoid the assault" is, when stated as it was here, following, and in immediate connection with, the charge that one who is assailed has a right to defend himself, using no more violence than is necessary in self defence, is not erroneous. (Selw. N. P. 25; *Elliott* v. *Brown*, 2 Wend. 499.) The very term self defence and the right to use violence for that purpose involves the principle that self protection requires violence. Restraining the use of violence to what is necessary to protect the assailed from injury is of itself enjoining upon the assailed to use no violence if self protection can be otherwise had. It is the very imminence of the danger of injury that justifies the counter assault, and it is therefore a necessary corollary that it is the duty of every citizen to endeavor to avoid the assault which another threatens; and I have no doubt that the proposition might have been stated in stronger terms, viz. that an assault cannot be justified as made in self-defence unless the danger of injury is so manifest and pressing that no other reasonable means of self protection are immediately available.

Human pride may sometimes be wounded by prescribing such a rule of conduct—but a love of peace, respect to good order in society, no less than the teachings of the highest code of moral laws, forbid that any should lay violent hands upon his neighbor without an endeavor to avoid his assault.

But without any definite opinion on this point, I feel constrained to say that these abstract propositions have little or no application to the uncontradicted evidence of the transaction complained of. I find no evidence whatever that the plaintiff

used any threatening language; not a word that was said by the plaintiff was heard by either of the witnesses, and therefore it seems to me quite immaterial whether words could justify an assault since here no words are proved.

So in relation to the duty of endeavoring to avoid an assault, there is no evidence that the plaintiff made any assault. On the contrary, unless the expression used by one witness, "they both squared off," can be otherwise interpreted, the plaintiff was entirely passive under the injury which the defendant inflicted. He struck no blow. There was evidence that the defendant knocked him down twice, and to my mind the utmost force which can be given to what the one witness calls "squaring off," when taken in connection with the other particulars, is that the defendant put up his hands in an attitude of defence.

I have said this not because this part of the charge is open to review here, but lest it should be supposed that had the case been before us on a motion for a new trial, we might have yielded to the application.

As before remarked, then, we have properly before us nothing but the exceptions duly taken to the charge.

And first, the general exception to the charge and to every part thereof cannot be entertained. This is in conformity with the uniform practice of this court. The attention of the court should be specifically called to the supposed error, that it may be corrected before the jury leave their seats, and proper explanations and qualifications be made if the various matters which are often covered by the charge seem to require it; and the decision of the Court of Appeals in *Jones* v. *Osgood*, 2 Selden, 233, settles this rule beyond any further discussion in this tribunal. And see also *Lansing* v. *Wiswall*, 5 Denio, 213.

Second. The counsel for the defendent submitted two special requests, viz. that the judge would charge the jury that "if they believe that the defendant resorted to violence under an honest belief that the plaintiff intended him bodily injury, the plaintiff cannot recover vindictive damage unless the defendant's violence was excessive."

Now, if this proposition means anything more than that, " if what then transpired between the parties had induced an honest belief that the plaintiff intended violence to the defendant," the rule of damages indicated in the request should govern them, it is not law.  There was not the slightest evidence of anything in the previous relations of the parties warranting the jury in any speculations respecting the defendant's belief, nor is it contended that evidence of their previous intercourse wholly disconnected from the present affray would have been proper.

And if the proposition means no more than is above suggested, then the second request was a repetition of the first, viz. " if the defendant was deceived by appearances, and his violence was not extreme, the plaintiff cannot recover except for actual pecuniary injury."

This the judge did charge so far as to exclude vindictive or exemplary damages, so in effect adopted the first request quite as far as anything in the case would warrant it.

Indeed I am not at all satisfied that the propositions might not have been rejected altogether without giving the defendant any ground of complaint.  There was not evidence in the case to raise the question whether the defendant entertained any such belief or was in any manner deceived.  No fact was shown which could reasonably induce any such belief, nor were there any appearances to produce any such deception.  The proposed inquiry, what the defendant believed, was calling upon the jury to speculate with nothing reliable to guide them, and I have no hesitation in saying that a finding upon the evidence in this cause that the " defendant did act in the honest belief that the plaintiff intended violence to him," or that he was deceived by appearances," would have been without evidence to support it.

I need not occupy time in considering whether the judge erred in refusing to confine the plaintiff to actual pecuniary injury, or outlay of money and loss of time.  The appellant's counsel did not insist upon this as error.  To say that in an action for grievous personal injuries, a plaintiff, if not entitled

to exemplary damages, can have nothing as a compensation for loss of health and bodily suffering, and nothing as a reparation for the insult and indignity offered his person, would be I apprehend as novel as it is a narrow view of what the law deems compensation for a wrong. I think the judgment should be affirmed.

Judgment affirmed.