The material facts sufficiently appear in the opinion of the court.
By the Court. Woodruff, J.
In this case it appeared, and the verdict 'must be taken to find, that George W. French lent to the defendant twelve thousand five hundred dollars, in various sums, from time to time, in the years 1851 and 1852. The testimony in regard to the terms of the loan is, that there was no agreement as to the day of payment or rate of interest. The money was, therefore, payable by the defendant on demand.
If the lender had assigned his claim for this money to the plaintiff, while it remained in the simple form of a claim for money lent, there would have been no question of the right of the latter to recover—the case would have exhibited an ordinary money demand, assigned to the plaintiff by the creditor, and the plaintiff’s right of action would have been complete, by proving the loan by the assignor and the assignment to himself; and had this been the whole case exhibited by the parties, the question whether the defendant procured the loan by fraudulent representations would have been wholly immaterial, and the evidence, bearing upon that question, irrelevant.
But, in November, 1853, many months after the money was lent, the assignor of the plaintiff accepted the promissory notes of the defendant, payable, at various dates, for the amount of the loan, some of which notes were not due at the time this action was brought. To avoid the effect of these notes, as an extension of the time of payment of the moneys, the plaintiff avers, that his assignor was induced to take these promissory notes, by the fraudulent representations of the defendant, in regard to his property and ability to pay, and was deceived and defrauded into the giving of this extended credit. It is true, that the complaint also avers, that the original loan was procured by false and fraudulent representations, but this averment, I apprehend, might have been struck out, as immaterial and unnecessary to sustain the plaintiff’s action, since, as before remarked, , if the loan was made and was payable *256 on demand, the right of action was complete, whether there was fraud in procuring the loan or not. The proof of the original fraud, on the trial, was not necessary, nor material, except so far as it formed part of an entire scheme to defraud, which terminated in inducing the assignor of the plaintiff to accept the defendant’s notes, before referred to. The jury have found, distinctly, that the defendant was guilty of the fraud alleged, under a charge from the court, which instructed them, that, unless they found the fraud, they could not find for the plaintiff.
Under this verdict, the case stands thus: the assignor of the plaintiff, having a money demand, for loans made to the defendant, is induced, by fraud, to accept promissory notes giving an extended credit to the defendant.
It is not necessary to examine the reports, to find authority for the proposition, that this fraud vitiated the credit thus agreed to, and no obligation whatever rested upon the assignor of the plaintiff, to delay his action for an hour. All that it was necessary for him to do, was, to produce the notes, on the trial, to be cancelled. Indeed, upon the facts, thus found, it is manifest that the assignor of the plaintiff had, at all times, from the moment the loans were made, to and at the time of the assignment, a just and valid claim to the money lent, and a right of action therefor.
Under these circumstances, he assigned this claim to the plaintifij and delivered to him the notes; and I perceive no ground, upon which to hold that such a claim was not assignable.
The counsel for the defendant has treated the assignment, as if it were the assignment of a mere tort, and referred us to some authorities, which, he conceives, show, that the right to recover damages, for a tort of this description, is not assignable. But the present is an action for money lent—not for damages, as such. The complaint states the lending of the money, a demand of repayment, non-payment by the defendant, and demands judgment for the sum remaining due, with interest. It may, perhaps, account for the introduction into the complaint of the averment, that the debt was, in the first instance, fraudulently contracted, to suggest, that it was at one time held, by some Judges, that if the plaintiff desired to arrest the defendant on that ground, and, finally, to have execution against his body, such an averment in the complaint was necessary; but that doctrine being repudiated, the fact, that the de *257 fendant procured the loans by fraud, was in nowise material to the right of action, nor material for any of the purposes of the trial, unless it was evidence of the scheme, which was consummated by inducing the plaintiff’s assignor to take the notes, as before suggested.
The question, whether a right of action for a tort is assignable, and under what circumstances, does not arise. As conceded by the defendant’s counsel, it was the claim for the money lent which was assigned, and that is the claim set up in the complaint, and for which judgment is demanded.
There was no proper exception to the charge of the court to the jury. The general statement, that the defendant excepted to the charge, is too general to be treated as an exception, unless every part of the charge is erroneous, and so it is well settled. (Lansing v. Wiswall, 5 Denio, 213; Haggart v. Dunn, 1 Selden, 422-7; Jones v. Osgood, 2 id. 233; Hunt v. Maybee, 3 id. 273, 4 id. 37; 1 Kernan, 416.) But it seems, at least, doubtful whether the Judge was not himself misled, by the averments in the complaint that the original loans were procured by fraud, for, in his charge, he says: “ The first question is, was this money lent upon fraudulent representations?” If he had made the right of the plaintiff to depend upon this question alone, there would, I think, have been error in his direction, for which, on a case, a new trial should be ordered; for, according to the views above expressed, the title of the plaintiff to recover did not at all depend upon this question. If the money was lent upon such representations, still the plaintiff could not recover, unless the fraud also extended to the giving and receipt of the notes, afterwards taken for the loan, by the plaintiff’s assignor. And, on the other hand, if there was no fraud, in the procurement of the loan, the plaintiff was entitled to recover, if he showed that the defendant induced his assignor to take the notes by fraud.
But the court did not leave the case upon that sole question; the instruction to the jury was, also, that, to entitle the plaintiff to recover, they must “ also find, that White committed a fraud, in inducing French to accept the notes.”
The defendant, therefore, has .no cause of complaint, in this respect, but rather the plaintiff, if the views above expressed are correct.
In substance, the charge was, that, to entitle the plaintiff to recover, the jury must find, not only that the loan was procured *258 by fraud, but that French was afterwards also induced, by fraud, to accept the notes; whereas, according to our view of the case, if French was induced by fraud to accept the notes, the plaintiff was entitled to recover, whether the loan was originally procured by fraud or not.
There is, therefore, in this respect, no reason to interfere with the verdict. The charge was more favorable to the defendant than he had a right to ask.
It is urged, that the court, in the charge to the jury, called to their attention matters tending to prove fraud, on the part of the defendant, which were not specified in the complaint. In the first place, the complaint avers specific representations, and that they were false, and were made to defraud. The court refers to those representations, and presents to the jury the inquiry, whether the money was loaned upon such fraudulent representations. The further reference of the court, to the conduct of White, was quite proper, because these acts -bore directly upon the intent with which the loan was procured. Although these acts were not the acts of fraud averred, they were proper evidence of the fraud of the defendant in the acts which were averred, and it is, in this view, they were submitted to the jury. But, in the next place, the defendant has no reason to complain of this part of the charge, for, as last above suggested, the plaintiff was entitled to recover, whether this portion of the fraud was proved or not.
It does not appear, very distinctly, by the case, at what time the fraud, on the part of the defendant, in inducing the assignor of the plaintiff to receive the notes, was discovered; and no point was made, on the trial, nor on the argument of the appeal, on the question, whether the recovery of judgment upon two of the notes, could operate to prevent the plaintiff’s repudiating the credit, fraudulently obtained by the defendant. It is, therefore, unnecessary to inquire, here, under what circumstances, if any, the bringing of an action, and recovery of judgment, upon a portion of the notes, would prevent the subsequent surrender of the residue, and his claim to recover, for the original loan, to the amount covered thereby.
The only remaining question is, whether there was any error in receiving the testimony of Willet E. Hawkins, showing like false representations made by the defendant to him, and procuring *259 money from Mm, under circumstances plainly indicating falsehood and fraud, on the part of the defendant, during the very period in which he was procuring the loans in question from the plaintiff’s assignor.
That this evidence was proper, if it was material to show that the loan was procured by fraud, cannot be questioned. That when the question is, whether a vendee of goods procured the sale by fraud, like transactions with others, at, or about the same time, may be given in evidence, with a view to the quo animo, was held, in cory v. Hutching, (1 Hill, 311,) and numerous cases are cited in support of the decision. The. case of fraud, is regarded as an exception to the general rule of evidence, in regard to similar testimony. And see also Olmsted, &c. v. Hutching, (id. 317.)
The plaintiff relied upon showing, that the defendant had been engaged in a scheme, to defraud those upon whose credulity he could impose f and the entire Mstory of the defendant’s dealings with him, in regard to this money loaned, would tend, in some degree, though perhaps remotely, to show that it was with a continued intent to defraud, that he made the representations, inducing the plaintiff’s assignor to receive the -notes. The acts of the defendant, from the beginning to the end of the particular transaction in question, and the repetition of representations, all of which proved false, may all tend to establish the fraud. But the more satisfactory answer to the objection, is, that the whole of the proceedings in the action, from the complaint to the verdict, were conducted under the idea, that it was necessary for the plaintiff to prove that the debt was fraudulently contracted, and the court charged, that, to warrant a verdict for the plaintiff, the jury must find that the loans were procured by fraud. This evidence, as above suggested, tended directly to show the intent of the defendant, in those cotemporaneous transactions; and the defendant cannot, with propriety, object, that the plaintiff was required and permitted to prove all the facts, alleged in the complaint, and put in issue by the answer.
It is not urged that the verdict is against evidence, or without evidence to support it. The proof of fraud in inducing the assignor of the plaintiff to accept the notes is very slight; the evidence that he believed the defendant’s representation that he was at that time worth $300,000, is still less. And that he could have *260 relied upon any such representation, with, knowledge of the previous acts of the defendant, and his absconding to Europe in the manner he did, seems hardly probable. And so, also, the question whether the recovery was not, in fact, to a large extent, for the identical moneys for which other parties had previously obtained judgments against the defendant, as the real principals in the loans procured by the defendant through the plaintiff’s assignor, appears to us to involve the justness of the verdict in great doubt. But no such points are made by the defendant. The case has been treated by both parties as before us upon questions of law only, and we ought, therefore, to regard the verdict of the jury, under all the circumstances, as conclusive upon these questions, though we yield to it with some hesitation.
We think the grounds urged upon us, in the argument, and points submitted on the part of the defendant, do not require us to interfere with the verdict.
Judgment should therefore be entered for the plaintiff, in conformity with the verdict, with costs.