LAMPHIER *& a.* *v.* WORCESTER & NASHUA RAILROAD CO.

A count at common law for obstructing a private way, may be joined with a count under a statute which forbids an action against a railroad corporation, until after sixty days' notice has been given of the obstruction.

The statute of 1847, requiring notice before suit, applies to all railroads, and is not restricted to public corporations.

An action cannot be maintained by an individual for any obstruction of a public highway, unless special damages are alleged. A declaration must, therefore, show that the way is private, or the damage is special.

In case for obstructing a private way, "a certain lot of land in N.," is an insufficient description, whether the way is set forth as appendant to the land, or the land is intended as a terminus of the way.

A private way should be described as extending from one place to another; otherwise the declaration will be insufficient.

IN CASE, for obstructing a way, the declaration was as follows: "In a plea of the case for that, whereas the plaintiffs, on the

7th day of July, A. D. 1853, and continually afterwards hitherto, have been and now are seized of a certain lot of land, situate in said Nashua, in their demesne as of fee, and the plaintiffs all that time had and now have and ought to have, a certain way for passing and repassing with their teams, carts, carriages, horses and otherwise, to and from the public highway, called Hollis road, or Hollis street, in said Nashua, by a passage called Pine street, of all which the defendants were well knowing, but contriving to hinder and deprive the plaintiffs of the use and benefit of their way aforesaid, the said defendants, on said 7th day of July, A. D. 1853, at said Nashua, did heap up the earth and stones, and lay down iron rails upon and across said way, and have ever since continued and maintained the said obstruction, so as to deprive the plaintiffs of the use and benefit of their said way.

Also, for that whereas the plaintiffs, on the 7th day of July, A. D. 1853, had, and continually afterwards hitherto, have had and now are seized of a certain lot of land, situated in said Nashua, in their demesne as of fee, and the plaintiffs all that time had and now ought to have, a certain other way for passing and repassing with their teams, carts, carriages, horses and otherwise, to and from the public highway, called the Hollis road, or Hollis street, in said Nashua, by a passage called Pine street, of all which said defendants were well knowing; and whereas the said defendants were then and there, and ever since have been a railroad corporation, and contriving to hinder and deprive the plaintiffs of the use and benefit of their way aforesaid, the said defendants, at said Nashua, on the 7th day of July, A. D. 1853, in constructing their railroad, did heap stones, earth, wood and iron, on and across said private way, and thus caused obstruction to the same; and in maintaining their said railroad have ever since continued the said obstruction, so as to deprive the plaintiffs of the use and benefit of their said way; and the plaintiffs aver that more than sixty days before the date of this writ, to wit, on the 31st day of October, A. D. 1853, they gave notice in writing of the said obstruction, injury and inconvenience, to one of

the officers of said corporation, to wit, to Thomas Chase, one of the directors thereof, and the said defendants have not removed the said obstructions, but still permit the said obstructions and injuries and inconveniences to continue, whereby and by virtue of the provisions of the 486th chapter of the laws of this State, approved July 3d, 1847, being an act entitled an act to render railroad corporations public in certain cases, and constituting a board of railroad commissioners, the said defendants became liable to pay the plaintiffs reasonable damages for said injury. To the damage of said plaintiffs, as they say, the sum of five hundred dollars. The writ was dated January 2, 1854.

The defendants filed a special demurrer, and assigned the following causes:

1. Because the said declaration is uncertain, informal and insufficient, in this, that in and by said declaration the said plaintiffs have in their first count therein alleged certain supposed causes of action against the said defendants, known and created by the common law alone, and not known to or created by the statute law of this State; and in and by their second count therein have alleged certain supposed causes of action, founded upon and created by the statute law of this State, and unknown to the common law.

2. Because there is not in either of said counts any sufficient designation or description of the lot of land, or premises in said counts mentioned, out of which said alleged right of way issues, or to which this right is appurtenant.

3. Because the supposed right of way is not described with certainty, inasmuch as the termini, or limitations thereof, are not stated, and the supposed right is therein alleged to be " by a passage," and not by " a way."

4. Because it is not alleged in either of said counts that the plaintiffs are entitled to or have said alleged right of way by reason of their ownership, or possession of the lots of land, or either of them in said counts mentioned.

5. Because it is not alleged in either of said counts that said company adopted the provisions of said act, entitled an act to

render railroad corporations public in certain cases, and constituting a board of railroad commissioners.

6. Because it is not therein stated whether said supposed way was or is a public or private way.

7. Because it is not therein alleged that the defendants are a public railroad corporation.

*A. W. Sawyer,* for the plaintiffs.

I. If the defendants intend, by their first cause of demurrer, that a count at common law cannot be joined with a count under the statute, as in this case, the plaintiffs refer to *Lansing* v. *Wiswall,* 5 Denio 213 ; *Worster* v. *Canal Bridge,* 16 Pick. 541 ; *Fairfield* v. *Burt,* 11 Pick. 244. If they mean that each count of itself is uncertain, &c., the cause of demurrer is not well taken.

II. The plaintiffs do not claim that their right of way issues out of said lot, or is appurtenant to the lot of land referred to in their declaration ; hence this cause is mere assumption.    The right of way in this case, as a matter of fact, is held by the plaintiffs by grant, and is a question of evidence.    The gist of the action is the obstruction of the plaintiffs' right, however obtained.    This mode of declaring is in many cases preferable to one more specific.    In trespass *qu. cl. fr.,* the precedents and text books sanction this mode of declaring.    In case for obstructing private ways, the precedents favor this mode.    See Oliver's Forms 309, *Ways: erecting a fence over a way;* 2 Chit. Pl. 358, 359 ; North American Precedents, No. 5.    The text books do not claim it to be necessary to set out by boundary the *locus in quo.*    See, also, *Cushing* v. *Adams,* 18 Pick. 110 ; *Greenwood* v. *Wilton R. R.,* 3 Foster 262.

The same particularity is not required in a declaration as in pleading.   *Wells* v. *Quesy,* Litt. Sel. Ca. 210.    If the defendants supposed they could derive any advantage by having a definite description of the lot, they could have called for it before trial, and the court might have made an order on the plaintiffs for the same, under our practice.    *Snow* v. *Adams,* 1 Cush. 447 ; Rev. Stat., chap. 186, sec. 10.

This cause of demurrer is not well assigned. If the plaintiffs had given a description of the lot, it must have been rejected as surplusage ; besides, it assumes that the plaintiff's right of way issues out of said lot, or is appurtenant to it ; and had the plaintiffs so declared, it must have been bad, as the proof would in fact have shown a variance, as the plaintiffs claim their right by grant. 4 East 107 ; 6 East 438 ; 15 East 108 ; 3 Taunt. 24 ; Yel. 159 ; 1 Buls. 47.

Under our statute a demurrer does not lie for a defect or error of form. The remedy, if the party desires to bring the subject to the notice of the court, is to move for an order that the defect be amended. *Berry* v. *Osborn*, 8 Foster 284 ; Rev. Stat., ch. 186, sec. 10. And the plaintiffs rely upon that case for an answer to any objection to the declaration.

III. The plaintiffs' right of way is described with certainty. It is an easement over Pine street. Nothing can be more definite and certain than Pine street to and from Hollis road, and the lot of land by the way of Pine street. Hollis road and the lot are the termini. The word " passage," as used in the declaration, is mere surplusage. The books say the term passage is too general, but the way itself is made specific in the declaration. Then occurs the word passage, by a passage called Pine street. Reject the words, *by a passage*, and the meaning is preserved and is complete.

Notice the declaration, "ought to have a certain way," not passage, &c., " called Pine street." The word *passage* is not used in the place to make it objectionable in the sense referred to in the books. 2 Ch. Pl. 359, note 1.

IV. If the plaintiffs had declared, as the defendants say they ought, it would have been bad. If the plaintiffs' right of way does not issue out of said land, and is not obtained as an appurtenant, but is derived by grant, as the plaintiffs affirm, the evidence will show them to have alleged that the plaintiffs are entitled to, or have said right of way by reason of their ownership, &c., would have shown a variance between the proof and declaration, and hence fatal at common law. 2 Saund. Pl. & Ev. 918, and cases there cited.

V. & VI. The plaintiffs contend that the corporation would be liable, whether it was public or private.

VII. This action is brought for obstructing our right of way, our easement. The evidence will determine whether it is public or private. Had the plaintiffs declared the way to have been public, or private, they must have failed, for the evidence will show that our right of way is neither public nor private, in the sense in which those terms are used when connected with way.

The plaintiffs do not obtain their way by reason of its having been laid out by public authorities. *Metcalf* v. *Brigham*, 3 N. H. 459; *Clark* v. *R. R.*, 4 Foster 118.

The construction given to sec. 10, ch. 186, Rev. Stat., in case of *Berry* v. *Osborn*, 8 Foster 279, will set aside this demurrer.

*A. F. Stevens*, for the defendants.

I. Upon the first cause of demurrer, our positions are:

1. That the plaintiffs' second count, if sufficient, shows that the plaintiffs have a statute remedy for the injuries complained of, the same being provided by the act of 1847, mentioned in said count. *Troy* v. *Cheshire R. R. Co.*, 3 Foster 100.

2. When the statute points out the particular mode of redress for damage done by authority of law to the property of another, the statute is confined to such statute remedy. *Woods* v. *Nashua Manuf. Co.*, 4 N. H. 527; *Aldrich* v. *Cheshire R. R. Co.*, 1 Foster 362; *Stowell* v. *Flagg*, 11 Mass. 364. The last case we regard as an authority directly in point. The plaintiffs therefore can have no ground of action at common law, upon which the first count is predicated. The defendants are not bound to answer in that form of action.

II. But neither count is sufficient; both are wide departures from the precedents. They do not, in terms, or by fair intendment, show whether the right of way is claimed as personal, or in a *que* estate. If a personal right is claimed, the plaintiffs cannot join. If a way appendant or appurtenant is claimed, the declaration gives no information as to the limits or boundaries of

the estate prescribed for, and the defendants cannot know what they are to answer.

III. If the plaintiffs claim a right of way, as appurtenant to an estate, they should allege that, *by reason of their possession or ownership of such estate*, they are entitled to the right of way. Precedents in 2 Chit. Pl. 405, and note j; 1 Chit. Pl. 366, 367; 1 Saund. R. 346, n. 2; 5 Saund. 113, n. 1. In actions on the case, the property or thing affected should be described with certainty, and in such terms as are commonly used in the law. 1 Chit. Pl. 362, 363, 364, 365. There can be no certainty of description unless the termini are set out.

IV. The second count is insufficient, because it does not allege the defendants to be a public railroad corporation, or that it has accepted the provisions of the act under which the remedy is claimed. Comp. Stat., ch. 150, sec. 1.

As to the grounds taken by the plaintiff that the ground of demurrer is not well taken, we say that under a special demurrer the party may, on the argument, not only take advantage of the particular faults which his demurrer specifies, but also all objections in substance, notice being given by the party's brief.

2. If the plaintiffs do not claim a way as appurtenant, why do they allege their seizin of a certain lot of land? In order to avoid this presumption, they have stated and repeated in their brief what they expect to prove on the trial, namely, that their right exists by grant. Even this is not inconsistent with our view. It may be by grant, and appurtenant also; and if it be by grant, that furnishes no excuse for the neglect to give it a certain description. It is of no importance to us or to the court how they derived it, but it is important to know what and where it is.

The case of *Greenwood* v. *Wilton Railroad Company* is no authority on this point. That was an agreed case, and no question arose upon the sufficiency of the declaration. The defects complained of are not matter of form. They are substantial. The certainty claimed by the defendants is necessary to their protection from subsequent suits. It ought to appear from the record what has been adjudicated.

3. Plaintiffs allege that the way is described with certainty. They say nothing can be more definite and certain than Pine street, " to and from Hollis road to the lot of land by the way called Pine street." Perhaps not. But the declaration does not contain any such description. The lot of land is not given as one of the termini.

*Sawyer*, in reply.

The statute (Comp. Stat., ch. 150, 5, 44,) gives a remedy for the continuance of an obstruction, by an action on the case, and it is simply a confirmation of the principles of the common law. *Troy* v. *Cheshire R. R.*, 3 Foster 99. The only change is that contained in the proviso, which allows the company to procure another road, and gives the right of action after sixty days. The plaintiffs' declaration covers two kinds of injuries:

1. The direct injury caused by the act complained of.

2. The injury afterwards occasioned by the unauthorized continuance of that wrong. For the first a declaration at common law must be good.

The authorities cited by us, 4 N. H. 527, 1 Foster 362, 11 Mass. 364, are good law, but the plaintiffs deny that the corporation have taken the lands along their route and obstructed the plaintiffs' right by authority of law. They have taken their land, not by the action of the commissioners, but by purchase; hence, the law of said cases does not apply. Case is the remedy by statute as well as at common law, and the counts are properly joined, whether either can be maintained or not.

II. It is a general rule that two persons may join or sever, though their interest be several, if the injury complained of is a joint damage to both. 1 Ch. Pl. 51. When two or more persons are jointly entitled to have a joint legal interest in the property affected, they must in general join, or the defendant may plead in abatement, and, though the interest be several, yet, if the wrong complained of be an entire joint damage, the parties may join in the action. 1 Ch. Pl. 51. The gist of this action is the right of way. The boundaries are nothing to the defendants,

and if they have obstructed the plaintiffs' right, " they know whether they have any answer."

We agree that in actions on the case the property or thing affected should be described with certainty, and in such terms as are commonly used in the law, and we have so declared, to wit, " a certain way," giving the termini ; a description of the way, *by a passage called Pine street.*

III. The language of the statute of 1847 is general. " If any railroad," &c. ; and the evidence will show that the defendants have never become a public railroad corporation, nor accepted the act of 1844. Are they exempt from liability, therefore ? On the contrary, they are liable as wrong-doers, because they have taken the plaintiffs' right under no authority of law.

IV. The averment that the plaintiffs were seized in their demesne as of fee of the premises, is equivalent to an averment of occupation, or possession. *Cushing* v. *Adams*, 18 Pickering 110.

BELL, J. The counts in this declaration are both in case, and for an injury of the same kind. The proceeding required to charge a railroad corporation for obstructing a way differs, somewhat, from that adopted at common law in similar cases. But the remedy is the same in every substantial respect. They are of the same nature ; they admit of the same pleas, and the same judgment may be given on both. 1 Chit. Pl. 197 ; Arch. Pl. & Ev. 172. And the court will intend them to be for different injuries. *West* v. *Trolles*, 1 Salk. 213.

We have been referred to no case where counts in case for torts have been held to be misjoined, while those cited for the plaintiff have a strong bearing against the objection. In *Wiswall* v. *Lansing*, 5 Denio 213, counts for obstructing a private way were joined with one for obstructing a public way to the plaintiff's damage. In *Fairfield* v. *Burt*, 11 Pick. 244, a count in trespass at common law was joined with one under a statute for double damages ; and in *Worster* v. *Canal Bridge*, 16 Pick. 541, a count in case at common law for an injury from a defec-

tive bridge, was joined with one for double damages under a statute ; and see *Prescott* v. *Tufts*, 4 Mass. 146.

If a count states a good cause of action at common law, the court cannot inquire, upon a demurrer, whether, upon the evidence, that count can be supported. If, therefore, we assume that where a statute points out a specific mode of redress for a particular damage done by authority of law, the party is confined to that remedy ; the objection cannot be made by demurrer, unless it appears upon the face of the declaration that the case is within the statute, which is not this case.

The objection to the second count, that it does not show the defendants to be a public corporation, or to have adopted the act of 1844, does not seem well founded. The count is good at common law, and not impaired by the special averments, if the defendants are not shown to be within the operation of the statute. In that case it was superfluous to allege that the defendants were a railroad corporation, and did the injury in constructing their road, and were duly notified of the obstruction. These averments were, then, merely surplusage, and might be rejected, if the corporation was not one to which the statute provisions did not apply.

But upon an examination of the act of 1847, referred to, (Comp. Stat. 350 ;) we see no reason to suppose that the provision in question is confined to corporations of a public nature, or to those which have adopted the act of 1844. It is broad and general in its terms, commencing, " If any railroad corporation," &c., and there is nothing in the act which restricts its operation to any particular class of railroads. By the title, the act is in addition to the act of 1844, but as the act is, neither in its terms nor its spirit, confined to a class, it could not be properly restricted by a reference to its title. 1 Kent's Com. 460 ; *Piscataqua Bridge* v. *N. H. Bridge*, 7 N. H. 57.

The principle is very clear, that no individual can maintain a private action for a wrong merely public. If a party sustains special damage by the obstruction of a public way, that is an injury peculiar to himself, and in which other members of the

community do not share. He may maintain a special action for the injury. Where the obstruction is a common injury to all the community, the public may proceed by indictment or information; but for hindering a man's passage in the highway, without showing special damage, case will not lie, for it is a public injury, punishable by presentment and indictment. 7 H. 8, 27; *Mary's Case*, 9 Co. 113; and there would, moreover, be a multiplicity of suits, for if one man might have an action in such a case, all men might do the like. Co. Litt. 56, a; *Williams' Case*, 5 Co. 73; 5 Denio 213. Therefore, where an action was brought against a defendant for making a ditch and erecting a pale across the street, it was held that without a special grief shown by the plaintiff the action would not lie. *Fineux* v. *Hovenden*, Cro. El. 664; though, if special damage be alleged, the case is different. *Greasly* v. *Codling*, 2 Bing. 263. So if the party had a private way before the public gained their easement. *Allen* v. *Ormond*, 8 East 4.

In the present case, the declaration is so framed that it does not appear whether the right of way claimed is public or private, and the right is so alleged that no inference can be drawn as to that matter. The usual form, 2 Ch. Pl. 358, sets forth that the party is seized or possessed of certain real estate, and by reason thereof is entitled to a way from the said real estate over certain premises to the public highway, or the like, and these allegations show it to be private. But in this declaration, though it is alleged that the party is seized of a lot of land, yet it is not alleged that he has the way by reason of his title or possession, nor that the way leads from that land. In short, all that is said about this lot of land might be omitted, since it does not appear to have any connection with the way claimed. In the argument it is said that the way is not claimed by reason of title, or possession of this lot of land, or as appurtenant to it; and that it would therefore be wrong and a fatal defect to declare for it in that way, and this seems to be clear upon the authorities cited. It is said the way is claimed by grant; that is, as we understand, in gross. A way may be so claimed, as there is no

necessary connection between the possession of land and a right of way. A common carrier may well have a private way across another's land for the transaction of his business, though he neither owns nor occupies land any where; and therefore the insertion of an allegation connecting the road with land, is not necessary, and its absence will not vitiate a declaration. *Winford* v. *Wollaston*, 3 Lev. 266; *Warren* v. *St. Hill*, 2 Vent. 185; *Pollard* v. *Casey*, 1 Bulst. 47.

Yet we think that in such case the right of way should be so stated that it may appear that the action is brought not for the obstruction of a public way, but of the plaintiff's private way.

The objection that there is no sufficient designation or description of the land of which the plaintiff alleges himself seized, would seem to be well founded. Thus it was held, that where it was alleged that a way goes " *de quadam pecia terræ cont*, 4 *acras*," it is not good, for *pecia terræ* is uncertain. Com. Dig., Chim. Priv., D, 2, citing Sut. 124; but it is quite as certain as a " lot of land situate in N." But the exception is immaterial, and no ground of demurrer, because the whole allegation as to the land is surplusage, and might be struck out as unmeaning, since it is not shown to have any connection with the way, which is neither described as appendant to it nor terminating at it.

The termini of a private way should be set out, though it is otherwise as to a public way. *Rouse* v. *Borden*, 1 H. B. 353. It was very early held that a private way should be shown to pass from such a place, as from one close to another, from a house to a close, &c. Thus, 45 E. 38, per *Finchden*, " you shall not have the way unless you claim to some franktenement, or from your franktenement to the high street, or to the church, or otherwise the writ is not good." Bro. Ab. Vin., pl. 21; 39 H. 6, 6; Bro. Ab., Chim. 6; Hobart 190; *Gogle's Case*, Hutt. 10; *Cobb* v. *Allen*, 1 Bulst. 47; *Pollard* v. *Casey*, Yel. 164; *Alban* v. *Brownsall*, S. C. Though it is said any error by omitting the termini will be cured by verdict. *Clark* v. *Cheney*, 1 Vint. 13; Com. Dig., Action, Disturbance, B, 1; Chimin, D., 2.

In prescribing for a way the defendant ought to show, *a quo*

*loco ad quem locum,* the way is; and though a way may be in gross, yet it ought to be bounded and circumscribed to a certain plan. *Alban* v. *Brownsall,* Yelv. 163 ; Brownlow 215, S. C ; *Gogle's Case,* Hol. 190.

The case of *Staple* v. *Heydan,* C. Mod. 1, cited Com. D., Chim., D, 2, is in this respect very like the case before us. It was there held that it is not good if the defendant says that he is seized of B, and has a way through the close of the plaintiff to the Thames, for he ought to say that he has a way *from B,* through the close of the plaintiff to the Thames.

In the present case, the way is described as a certain way for passing and repassing, with teams, &c., *to and from the public highway, called Hollis road, by a passage called Pine street.* The public highway is a good terminus at one end, but no limit is given at the other. There is, therefore, no terminus *a quo* set out, and the description is, therefore, defective, and the declaration insufficient. The demurrer must be sustained, though leave may be given to amend.