Nelson *v.* Hyde.

---

## NELSON and others *vs.* HYDE.

Where a loan of money is obtained by false and fraudulent representations of the borrower as to his pecuniary condition and circumstances, upon his promissory note payable at a future day, the fraud displaces the credit, and entitles the lender to recover, upon the implied promise to repay the sum loaned, immediately.

In an action by the lender, to recover the sum loaned, it is not erroneous for the referee to receive in evidence representations made at the time of the negotiation for the loan, although not counted on. They are a part of the *res gestæ,* and therefore competent; but, not being alleged in the complaint, they cannot be the basis of a recovery.

THIS action was brought to recover the sum of $400 loaned to the defendant on the 12th of December, 1864, at Little Falls, in the county of Herkimer, on a credit of one year with interest, and for which a promissory note was executed by the defendant, and delivered to and received by the plaintiffs. The plaintiffs allege in their complaint that the loan was procured by means of false and fraudulent representations, and on that ground they claim to disregard the term of credit, and to recover upon an implied promise to pay immediately or upon demand. The complaint contains two counts; one upon

a promise to repay the amount loaned, which he has not done. The second count alleges that the defendant applied to the plaintiffs for a loan of $400, and then and there falsely and fraudulently represented that he was worth enough to pay his debts and liabilities, and that the reason he wanted it was to loan to his brother Alvah. Whereas in truth he was then insolvent and unable to pay his debts and liabilities in full, and 'the defendant knew it. That he also then and there falsely and fraud-. ulently represented that he desired to borrow said money to add to $600 he then had in the bank at St. Johnsville, to make up $1,000 which he was desirous and intending to loan his brother in the west; and the plaintiffs aver that the defendant did not have $600 in the bank, and did not intend to loan $1,000 to his brother. That the defendant afterwards absconded. The plaintiffs then discovering the falsity of the representations made on obtaining the loan, surrendered the note to his wife; and they demand judgment for the said sum of $400 and interest. The answer admits the loan on the credit of a year, but denies the fraud.

On the trial the plaintiffs gave evidence tending to prove these allegations. The referee to whom the issues were referred for trial finds, among other things, that the loan was obtained by means of the false and fraudulent representations following, to wit: that his (defendant's) brother was in the west and had written him for $1,000, and he wanted to send him a draft for that. sum; that he (defendant) had $600 in the bank at St. Johnsville, and wanted $400 more to put with it to make up the $1,000; that he wanted it for a year, and when his brother got his money and paid him (defendant) he (defendant) would pay the plaintiffs. The defendant absconded, about the 1st of March, 1865.

The referee held, as matter of law, that the fraudulent representations displaced the credit, and the plaintiffs were entitled to recover the sum loaned and interest.

Nelson *v.* Hyde.

The referee permitted the plaintiff to prove, notwithstanding the objection of the defendant, that when he left, on the 1st of March, 1865, his account at the St. Johnsville Bank was overdrawn about $300; and that at the same time the bank held a note against him of $1,000, which is still unpaid.

The referee permitted the plaintiffs also to prove representations made at the time of procuring the loan, besides those set out in the complaint, and to the admission of which the defendant's counsel excepted. One of these was that he owned a house and lot at St. Johnsville, worth $2,000, which was paid for.

It was proved that on the 12th day of December, 1864, (the day the loan was procured,) the defendant had to his credit on the books of the St. Johnsville Bank $402.53.

Judgment was ordered for the plaintiffs for the sum loaned and interest; and the defendant appealed.

Case submitted by stipulation, on case and points.

*A. H. Ayers*, for the appellant.

*Hardin & Burrows*, for the respondents.

*By the Court*, MULLIN, J. It was decided in *Willson* v. *Foree* (6 *John.* 110,) that where goods are obtained by a purchaser by means of fraudulent representations, the vendor may waive the tort, and bring assumpsit. In that case the vendee had paid for the goods by the note of a third person, whom he fraudulently represented to be solvent, when in truth he was insolvent. The court say, the taking of the note under a fraudulent misrepresentation was no payment, and any term of credit which the taking of the note may have implied became void. To the same effect is *Pierce* v. *Drake*, (15 *John.* 475.) There is no distinction, in principle, between a loan of money and a sale of goods. (*French* v. *White*,

5 *Duer*, 254.)   The rule in England seems to be different from ours.   In *Chitty on Contracts*, § 408, it is said: "This fraud entitles the vendor to avoid the sale.   If he sues in assumpsit, he affirms the express contract, and when there is an express contract the law will not imply one."   While we think the English rule rests upon well settled legal principles and that our own does not, yet it is too well settled to be now disturbed ; and we must hold that the fraud displaced the credit, and entitled the plaintiffs to recover on the implied promise to repay the sum loaned immediately.

Where the issue between the parties to an action is, whether the property which is the subject matter in controversy was obtained by means of fraudulent representations, it is the province of the court to say whether the evidence offered is competent to establish the fraud ; but it is for the jury to determine, under proper instructions from the court, whether they were material and were relied upon by the plaintiff.   (*Chitty on Cont.* 684.)

We must, upon the findings in this case, hold that the representations alleged and proved were material.

It was not erroneous for the referee to receive in evidence representations made at the time of the negotiation for the loan, although not counted on.   They were a part of the *res gestæ*, and therefore competent, but not being alleged in the complaint they could not be the basis of a recovery.   And it does not appear that the referee allowed them any weight whatever in deciding the case.   In the evidence, as well as in the findings, the representations are stated somewhat more fully than they are alleged in the complaint, but they are substantially alike, and I do not perceive that the variance could in any way injuriously affect the defendant.

As to the other questions discussed by the appellant's counsel, my brethren are of the opinion that the admission of the evidence objected to did not injuriously affect

the rights of the appellant, and that judgment ought not for that reason to be reversed.

The judgment must be affirmed.

[ONONDAGA GENERAL TERM, January 2, 1867. *Bacon, Foster* and *Mullin,* Justices.]