Johnson, J.
 

 (after stating the facts.) — The charge contained several propositions; as to some of which, there is no doubt that they were in accordance with the law; some of them are, to say the least, of doubtful correctness. Upon the argument, two questions were made; one, that the judge erred in his construction of the con
 
 *228
 
 tract, in holding that Lowell was entitled to a reasonable time, after demand, to manufacture the boots and shoes required under the contract; the other, that the instructions of the judge as to damages, were incorrect.
 

 The exceptions taken did not call the attention of the judge to the points which were claimed to be erroneous; they did not suggest to his mind, what the counsel excepting would have him hold, or wherein his charge was wrong. If the counsel had presented to the judge, the two distinct points which he makes here, we cannot say how he would have disposed of them. It has been held, in many cases, that the party complaining of the charge of a judge, must put his finger on the point of which he
 
 complains;
 
 if he does not do so, no court of review can regard it. The rules upon this subject are tending rather to increased strictness, and not at all to relaxation. They have their foundation in a just regard to the fair administration of justice, which requires, that when an error is supposed to have been committed, there should be an opportunity to correct it, at once, before it has had any consequences; and does not permit the party to lie by, without making his objection, and take the chances of success on the grounds on which the judge has placed the cause, and then, if he fails to succeed, avail himself of an objection, which, if it had been stated, might have been removed.
 

 A general exception to a charge, and every part of it, when the charge involves more than a single proposition of law, and is not in all respects erroneous, presents no question for review upon appeal.
 
 (Lansing
 
 v.
 
 Wiswall, 5
 
 Denio 213.) The judgment of the supreme court should be affirmed.
 

 Judgment affirmed.