*409
 
 Denio, J.
 

 Hone of the points arising out of supposed errors committed by the judge in his charge can be sustained, for the reason that no sufficient exceptions were taken. The charge is set out at length, covering the whole case and occupying several printed pages, and many portions of it being favorable to the defendant, are not objected to. The exception is at the- end, and is “ to each and every part” of the charge. This has so often been held insufficient, that no further remark respecting it is now necessary.
 
 (Jones
 
 v.
 
 Osgood,
 
 2
 
 Selden,
 
 233.)
 

 It is assumed by the defendant’s counsel, that the judge at the trial permitted evidence to be given, against the defendant’s objection, of the plaintiff’s poverty, as a circumstance affecting the. amount of damages. An attentive examination of the bill of exceptions has convinced me that the evidence was not admitted for that purpose, and that it was entirely competent in the view in which it was offered. The plaintiff was proved to have been considerably injured by the upsetting of the stage, but whether he was permanently disabled or not, was a matter earnestly litigated. To show that he continued to suffer from the effects of the injury down to the time of the trial, the plaintiff proved that he was a ship carpenter, and that he had not been able to work constantly more than a few weeks after the injury occurred. On the cross-examination, the plaintiff raised the question, whether his being without work was not occasioned by his not attempting to procure employment. The witness was made to answer, that he was never present when the plaintiff applied for work, and that what he knew about his inability to labor was founded principally on what the plaintiff had told him. After several other questions by the counsel and the court, the object of which was to ascertain whether he was voluntarily idle, whether his being without work was on account of his not being able to get employment at his trade, or whether it was, as the plaintiff contended, on account of his inability to labor, by reason of his injuries, the plaintiff’s counsel put this question: “ Had he the means of support for himself and family, except his labor?” It was objected to. The objection was
 
 *410
 
 overruled and the defendant excepted. The witness answered, “ He had no means of support except what he got from the charity of his friends.” The defendant’s view of the matter was: still pressed by a further cross-examination of the same witness, and then the judge put some questions to ascertain the number of persons in the plaintiff’s family, and in what manner they were supported after the injury," it having been shown that before that he had constant employment. The evidence was objected to, and an exception was taken to its admission. I think the evidence was admissible, to show that the plaintiff’s circumstances were such that he would probably have been engaged in laboring in his calling if he had not been disabled by his injuries, and that he was in a considerable degree unable to labor. Had he been a person of pecuniary means, his being out of employment would have been slight if any evidence of disability; but having a family dependent upon him, and being without méans of support except his labor and the charity of his friends, his omission to employ himself, in connection with the other evidence of his injuries, had a bearing upon the extent to which he had been disabled by the occurrence in question. The course of the examination makes it apparent that the object of the questions objected
 
 to is
 
 such as I have stated, and that the evidence was not offered, as the argument suggests it to have been, to influence the amount of the recovery, under the notion that a poor man would be entitled to a measure of damages different from that which would belong to one in other circumstances.
 

 The plaintiff was permitted, against the objection of the defendant, to give in evidence the declarations of James Kavanagh, who was originally a defendant, but who had died after issue joined and before the trial, as to the ownership of the stage. This was wholly immaterial. The defendants had not, in their answer, put in issue the question of the ownership of the stage, and it was therefore admitted. It was distinctly alleged in the complaint that the defendants owned the stage in which the plaintiff was a passenger, and this is nowhere denied in the answer. The answer does indeed state that .the defendants did not employ
 
 *411
 
 or use any stage which, was of the unsafe or bad character mentioned in the complaint; and they deny that they had any stage which was upset -in consequence of such bad condition or the careless or negligent use thereof. This only controverts the alleged acts of negligence. In other parts of the answer, they admit by inevitable implication that the stage to which the complaint refers belonged to them; for they say that the plaintiff threw the child mentioned in the complaint from the top of one of their (the defendants’) stages; and in another place they allege that their stage was upset by reason of the bad condition of the road.
 

 In answer to a question to a witness by the plaintiff’s counsel, as to the condition of the plaintiff’s health since the accident, the witness answered, “ he has invariably complained.” The defendant requested to have this answer stricken out; but the court refused to strike it out, and the defendant excepted. It appeared by the other testimony of this witness, that he had attended upon and taken care of the plaintiff from the time of the accident for about ten or eleven days, and had assisted him in rising from his bed and getting down stairs, and had seen him repeatedly since. It was also proved by a physician that he was injured internally, as was shown by bloody discharges from his bowels. I am of opinion that the evidence objected to did not fall within the rule which excludes the declarations of a party in his own favor. It is one of the natural concomitants of illness and of physical injuries, for the sick or injured person to complain of pain and distress. A complaint, it is true, may be simulated, but it is generally real. I think such evidence is admissible from the necessity of the case, and that it may safely be left to the jury in connection with the other evidence touching the alleged sick or injured person’s condition. In a somewhat similar case, Lord Ellenborongh said,
 
 “
 
 If inquiries of patients by medical men, with the answers to them, are evidence of the state of health of the patients at the time,
 
 ¿Ais
 
 must be evidence. What were the
 
 complaints,
 
 what the symptoms, what the conduct of the parties themselves at. the time, are
 
 *412
 
 always received in evidence upon such inquiries, and must be resorted to from the very nature of the thing.”
 
 (Aveson
 
 v.
 
 Kinnaird,
 
 6
 
 East,
 
 188.
 
 See also the cases cited in Cowen & Hill’s Notes, p.
 
 587,
 
 note
 
 447; 1
 
 Greenl. Ev.
 
 § 102,
 
 and the cases referred to in the notes.)
 

 The charge of the judge responded accurately to the several requests for instructions, so far as the evidence raised the questions suggested by the defendant’s counsel; and upon the whole I am of opinion that no error was committed upon the trial. The judgment should be affirmed.
 

 Parker, Jv, also delivered an opinion in favor of affirmance.
 

 All the judges, except Ruggles, J., who did not hear the argument, concurred.-
 

 Judgment affirmed.