January Term,
1862.

THRASHER
v.
TYACK et al.

---

## THRASHER VS. TYACK and others.

Where in an action to recover dower, under the statute, a verdict was rendered against three defendants, assessing damages for withholding the dower, it was error to take judgment for the damages against *one* of them only.

Where the action for dower is against other persons than the heirs of the deceased husband, the damages for *mesne* profits are to be estimated only from the time the dower was *demanded* of them.

A general exception to the entire charge of the court will not avail a party unless the entire charge is erroneous.

This court sometimes permits a judgment to be amended so as to conform to the verdict, where it is satisfied upon the whole record that justice has been done; but not otherwise.

APPEAL from the Circuit Court for *Iowa* County.

The plaintiff sued for dower, as the widow of E. B. Thrasher, deceased. The defendants were *John Shanley* and *Mary Tyack* and *Joseph H. Tyack*. The case is stated sufficiently in the opinion of the court.

*Abbott, Gregory & Pinney*, for appellant.

*G. L. Frost*, for respondent.

May 15.

*By the Court*, COLE, J. There is a manifest discrepancy between the verdict and judgment in this case. The action

was brought by the respondent to recover an estate in dower,
to which she claimed she was entitled as widow of Stephen
B. Thrasher, deceased. It was admitted on the trial, that the
appellants were in possession of the premises, and had been
for two years previous to the commencement of the suit.
The jury found in favor of the respondent, that she was en-
titled to the possession of the premises set forth in the com-
plaint, and assessed her damages for the unlawful withhold-
ing of them at the sum of $144, subject to the deduction of
a certain amount of taxes paid by the appellants. The judg-
ment was for the recovery of the premises as a dower estate,
and that the respondent have and recover of the appellant
*Joseph H. Tyack* the entire amount assessed for mesne profits,
with costs.

We are at a loss to understand why the judgment for the
amount of mesne profits was taken in this form, instead of
being against all the appellants in conformity to the verdict.
A joint possession of the premises was proved or admitted
on the trial.   And the natural and proper construction of
the verdict is, that the jury found that the respondent was
entitled to recover from all the appellants her damages for
the unlawful withholding of the premises.    Why then was
not the judgment for damages taken against all the appel-
lants, instead of being against one, as it now is?  When the
verdict for mesne profits is against several defendants, can
the plaintiff take judgment against one alone ?  And if he
does, can the defendant against whom the recovery is had for
the full amount, take advantage of such a material variance
between the judgment and verdict?    It appears to us that
he can.   It is true an action for mesne profits was, under the
old common law practice, in form an action of trespass, be-
cause it was consequent upon and supplemental to an action
of ejectment, and was therefore of the same species with it.
1 Chitty's Plead., 194; Adams on Ejectment, 443; *How-
land vs. Needham*, 10 Wis. R., 490.    However, the character
and incidents of an action of trespass were not always given
to it, particularly where provision was made that a plaintiff
might, by a suggestion upon the record, recover mesne
profits substantially in the same manner he would dam-

January Term, 1862.

THRASHER
v.
TYACK et al.

ages in *assumpsit* for use and occupation. R. S. 1849, chap. 106. On the contrary, in such a case the defendant has the right, if he has in good faith made permanent improvements upon the land, to set off their value to the amount of the plaintiff's claim. Sec. 44, chap. 106. The same right is secured to the defendant in other states, as will be seen in the following cases: *Jackson v. Loomis*, 4 Cow., 168; *Russel vs. Black*, 2 Pick., 505; *Hylton vs. Brown*, 2 Wash. C. C. R., 665.

In *Murray vs. Gouverneur et al.*, 2 Johns. Cases, 438, KENT, J., says: "The action for mesne profits is a liberal and equitable action, and will allow of every kind of equitable defense." And when a party, instead of bringing his action of trespass for mesne profits, substitutes a suggestion upon the record, or recovers in the same suit his damages for the unlawful withholding of the premises, as ' is now permitted by our statute (chap. 141, sec. 16, R. S., 1858), we think he cannot treat the action as having all the incidents of one *ex delicto*. It seems to partake so far the nature and character of an action *ex contractu*, as to forbid the plaintiff, where there is a joint verdict against several defendants, from taking judgment for the full amount against one. We deem the practice therefore in the present case irregular.

It might be claimed that the judgment should be amended so as to make it conform to the verdict in this particular. We have permitted, in some cases, a judgment to be amended, when we were satisfied, upon the whole record, that justice had been done, and that a new trial could not change the result. In the present case there is an obvious error in the charge of the court as to the proper rule of damages.

The court instructed the jury, among other things, that the respondent was entitled to recover her damages for rents and profits during the time the defendants had received them. As there was a general exception to the entire charge, we could not reverse the judgment on account of the error in respect to the rule of damages, unless the whole charge was objectionable in point of law. For we have frequently held that such an exception will not avail a party unless the entire charge is erroneous. But we still think this error in the charge may be considered in determining the question

as to whether the judgment should be amended.     It is by
no means certain that under proper instructions the plaintiff
would obtain another verdict for such an amount of mesne
profits.     The statute declares that when an action is brought
by the widow against the heirs of her husband, to recover
dower, she shall have her share of the mesne profits from her
husband's death; but in actions against other persons, only
from the time of her demanding her dower.   Sec. 25, chap.
89, R. S., 1858.   This provision was doubtless overlooked
by the circuit court.

We do not, therefore, think the judgment should be
amended, in order to obviate the objection to it, and then
permitted to stand.     The justice of the case and rights of
the parties would seem to be more fully subserved by a new
trial.

The judgment of the circuit court is therefore reversed,
and a new trial ordered.