### LUDLOW VS. GILMAN.

Where the court finds the facts and states separately its conclusions of law, a general exception "to the decision of the court upon the matters of law and equity" will be sufficient, if all the conclusions of law are erroneous.

The grantee in a deed, with full covenants, who took possession of the premises at the time of the conveyance, and remains in undisturbed possession, cannot defend an action to foreclose a mortgage executed by him on said premises to secure notes for a portion of the purchase money, on the ground that his grantor had no title to the land.

APPEAL from the Circuit Court for *Sheboygan* County.

Foreclosure of a mortgage executed by defendant to one Wallis, upon two parcels of land containing respectively twelve and nineteen acres. Defense, that the notes secured by the mortgage were given for part of the purchase price of the mortgaged lands, and that Wallis had not title to the whole of the nineteen acre parcel of said land, as he represented and defendant believed, &c. The court found the facts at length, stating, among other things, that the plaintiff had purchased the notes and mortgage after due; that the land was worth $64.50 per acre; that the plaintiff had paid $1000 of the purchase money; that there was due and unpaid upon the notes $1250; that they were given to secure payment of a part of the purchase money for the mortgaged premises; that at the time of the purchase, both the grantor and the grantee supposed that the grantor was sole owner of both parcels, and if the

grantee had not so believed he would not have made the purchase ; that as to the nineteen acre parcel the grantor had title, in fact, to only one undivided fifth ; and that the grantor was in possession of the whole of both parcels of land at the time of the conveyance, and the defendant, upon such conveyance, took possession of the whole of both parcels, and still remained in possession. " As a matter of law and equity," the court found, 1. That so much of said land as the grantor, at the time of the conveyance thereof, had title to, should be released and discharged from the lien of the mortgage. 2. That the plaintiff should have a decree of foreclosure against the defendant for the sale of the undivided four-fifths of the nineteen acres, and the application of the proceeds to the payment of the amount due upon the notes and mortgage. 3. That no judgment for deficiency should be taken against the defendant. The plaintiff filed a general exception " to the decision of the court upon the matters of law and equity," and appealed from the judgment.

*J. A. Bentley* for appellant.

*Jason Downer*, for respondent.


*By the Court*, DIXON, C. J.  As in the preceding case of *Gilman v. Thiess et al.*, ante, p. 528, a question is made upon the sufficiency of the exceptions.  The suit is in equity to foreclose a mortgage, and the exceptions are certainly more specific than in that case.  " The plaintiff excepts to the decision of the court upon the trial of this action upon the matters of law and equity."  The exception is confined to " the matters of law and equity," and no objection is taken to the facts found.  The plaintiff does not seek to review the evidence.  I think the exception sufficient.  I think so in analogy to the rule that a general exception to a charge involving several propositions of law is good, if the charge is in all respects erroneous.  *Thrasher v. Tyack*, 15 Wis., 256 ; *Jones v. Osgood*, 6 N. Y., 233 ; *Caldwell v. Murphy*, 11 N. Y., 416.  So

it seems to me that a general exception to the judge's conclusions of law upon the facts found by him should be sustained, where his conclusions are altogether exceptionable. Such I deem the conclusions here. They are three in number, and all erroneous, within the following decisions of this court: *Walker v. Wilson*, 13 Wis., 522; *Hall v. Gale*, 14 Wis., 44; *Taft v. Kessel*, 16 Wis., 273; *Horton v. Arnold*, ante, p. 212. The notes and mortgage were given to secure part of the purchase money for the mortgaged premises. The defendant took possession of the whole premises at the time of the conveyance to him, and the judge finds that he held such possession at the time of the trial, never having been ousted or disturbed by any adverse or paramount claimant. As yet he has suffered no injury, and it cannot be assumed that he ever will suffer any in consequence of the alleged fraudulent misrepresentations. His possession may ripen into a title absolute and good against all the world. He cannot, therefore, retain the possession and repudiate his obligations to pay. His damages are, at most, merely ly nominal.

Judgment reversed, and cause remanded for further proceedings according to law.