## LOUIS SEQUIN v. GEORGE M. PETERSON.

### Father and Child.

The plaintiff's son of eleven years, purchased of the defendant, a shop-keeper, cigar-holders and fancy pipes in cases, and paid therefor $4.75 in money. The next day the plaintiff's wife, and child's mother, went with the boy to the defendant's shop, and tendered back said articles, and demanded the money paid therefor, which the defendant refused to pay back. The plaintiff thereupon brought this suit to recover the money; and it was *held*, that he could recover.

*Held*, also, that said demand by the plaintiff's wife, if one was necessary, was sufficient.

The practice of raising questions in the supreme court, which were not raised in the court below, censured by REDFIELD, J.

ASSUMPSIT for money had and received, brought to the city court of Burlington. Plea, the general issue. The court, NOYES, J., found the following facts :

The plaintiff's minor son, eleven years of age, living with his father and supported by him, without authority from his father, or any one, some time before trial, purchased of the defendant, who kept a grocery store, and sold groceries, pipes, tobacco, &c., a cigar-holder, for which he paid to the defendant one dollar and twenty-five cents, and on the same day he purchased another cigar-holder and a pipe in a case, for which he paid the defendant two dollars and fifty cents. Just before this, he purchased another pipe of the defendant, for which he paid one dollar. He also purchased some candy of the defendant, but just how much he paid for it did not appear. The whole amount paid by the boy to the defendant for cigar-holders and pipes, was four dollars and seventy-five cents. The two first purchases were made of the defendant's clerk, who testified that when the boy bought the first cigar-holder, he asked him where he got the money to buy such things, and he said that he worked for Shepherd, Davis & Co., in the lumber yard, and earned it. The defendant himself sold the boy the pipe for a dollar, and he asked the boy where he got the money, and the boy told him substantially as he did the clerk. The defendant and his clerk both testified that they never saw the boy before to their knowledge, and did not know his name at the time, or that he was the plaintiff's son. It did not appear that the plaintiff, or any of his family, had ever made any other purchases at the defendant's store. The court found that the articles so purchased were not necessaries. The next day, or soon, after said purchases, the plaintiff's wife, the boy's mother, went to the

defendant's store with the boy, and carried back said articles, and demanded of the defendant the money paid for them. But the defendant refused to pay her the money, claiming that the articles had all been used and damaged, and were not worth more than four dollars, which amount he offered to pay back. The articles were left in the defendant's store without his consent, and were there at the time of trial.

It was conceded on trial, that the defendant was not guilty of any fraud or bad faith in receiving the money for said articles, and that it was received in the usual course of business. The defendant asked the court to rule as matter of law that the plaintiff could not recover or maintain this action in his own name ; but the court ruled otherwise, and rendered judgment for the plaintiff to recover four dollars and seventy-five cents damages. To the refusal to rule as requested, the defendant excepted.

*Start & Watson*, for the defendant, cited Chit. Cont. 673, 680, and cases cited ; *Burnap* v. *Partridge*, 3 Vt. 144 ; *Babcock* v. *Granville*, 44 Vt. 331 ; *Burnham* v. *Holt*, 14 N. H. 367 ; *Mason* v. *Waite*, 17 Mass. 460 ; *Lang* v *Smyth*, 7 Bing. 284 ; *Burnham* v. *Fisher*, 25 Vt. 514 ; *Miller* v. *Race*, 1 Burr. 452 ; *Person* v. *Chase*, 37 Vt. 647 ; *Oliver* v. *Houdlet*, 13 Mass. 237 ; *Robbins* v. *Fennell, et als*. 11 Q. B. 248.

*H. H. Talcott*, for the plaintiff, cited *Keen* v. *Sprague*, 3 Green 77 ; *Winn* v. *Sprague*, 35 Vt. 243 ; *Mason* v. *Hutchins & Co.* 32 Vt. 780 ; *Dickinson* v. *Winchester*, 4 Cush. 114.

The opinion of the court was delivered by

REDFIELD, J. The plaintiff's minor son, a child eleven years of age, purchased of the defendant cigar-holders and fancy pipes in cases, and paid him therefor, in money, $4.75.

The next day after said purchase, the plaintiff's wife, and child's mother, went with the boy to the defendant's store, tendered back the articles so purchased, and demanded the money paid for them, which the defendant refused. The plaintiff thereupon brought this suit to recover the money thus paid for the smoking equipment furnished his child.

I.  The court below adjudged, as a matter of law, that the money paid for this smoking outfit belonged to the plaintiff. There is nothing in the case to indicate that it belonged to any other person. The declaration of the boy that he "worked for Shepard, Davis & Co., and earned it," is no proof of that fact; besides, if it were so, it would not tend to show that the money was not the property of the plaintiff. As the father is bound to provide for the maintenance of his infant children, so he is entitled to their earnings and the custody of their persons. *Benson* v. *Remington*, 2 Mass. 113.

There is no claim that the plaintiff had allowed the son to control his own wages, or contract for himself, as in *Varney* v. *Young*, 11 Vt. 258 ; *Tillotson* v. *McCrillis*, Ib. 477 ; *Chilson* v. *Philips*, 1 Vt. 41. The money, then, belonged to the plaintiff, and the defendant held it without right, against the will of the plaintiff, and to *his use*.

II.  .The defendant claims that there was no proper demand for the money. Conceding that the contract of purchase was voidable, and that the plaintiff would be required to return the articles purchased, and demand the consideration paid, in order to *rescind* the contract, we think the tender and demand by the plaintiff's wife sufficient..

The mother will be presumed to have the more intimate and special charge of the habits and well-being of her child of such tender years, and the exercise of the parental duty of guarding the child from profligacy and dissipation. And the return of this fancy and foolish outfit for childish dissipation, and demand that the money paid for them should be returned, especially when the husband adopts the act by bringing this suit, should be presumed, in law, and in fact, to have been done with his sanction and authority. But the defendant treated her as authorized to make the demand, and offered to return the money, except a small fraction.

And inasmuch as the plaintiff, by this suit, adopts and ratifies her act, the defendant cannot be permitted, now, by pretending that he omitted to do his duty because he supposed the wife not authorized, to retain the money.

34

There is another quite satisfactory answer to the defendant's claim. There were no exceptions taken to this part of the case. The defendant "asked the court to rule, as a matter of law, that the plaintiff could not recover *in his own name*, the money so paid by the minor son to the defendant." No question was made as to the sufficiency of the *demand*.

This court, sitting in error, can only try such errors as are *specified* and brought up on exceptions. The habit that has sometimes obtained, of "*dragging*" a case in this court, as for something lost, to find a fault that was undiscovered and unheeded in the trial of the cause, is ever unavailing to the client, and a deviation from professional propriety and duty. Judgment affirmed.