Andrews, J.
After the judge had charged the jury, and they had retired to consider their verdict, they returned into court, and asked instrúctions as to two propositions, one of which was, “ whether the fact, that the defendant Hardenbergh owned an interest in the adventure for which the work was performed, made him liable.” The judge said in answer, that the fact that he owned an interest in the patent did not necessarily make him a partner of Smith, and liable to the plaintiff. The instruction given was correct. Joint ownership with Smith in the patent, did not alone make them partners. (Porter v. McClure, 15 Wend., 187; Sage v. Sherman, 2 N. Y., 427.) The plaintiff excepted to the instruction given. It is quite clear that the judge understood the question to relate to an interest in the patent, and not to an interest in the enterprise in which the plaintiff’s services were rendered. It had been shown that *10 Hardenbergh had an interest in the patent, and it is not certain, in view of the course of the trial, that the instruction given, did not relate-to the matter which was in the mind of the jury. They seemed to regard the answer as responsive and satisfactory. But if the answer was not responsive, the plaintiff should have called the attention of the judge to the fact, so that he might have had an opportunity to correct the misapprehension under which he labored. The judge did not refuse to charge upon the point presented, and a misunderstanding of the question, which must have been perceived by the plaintiff, should not be construed as a refusal. The exception is, therefore, unavailable, and is not a ground for reversing the judgment. (Jones v. Osgood, 6 N. Y., 233; Walsh v. Wash. Ins. Co., 32 id., 440.)
The judgment should be affirmed with costs.
All concur.
Judgment affirmed.