JOSEPH W. HARRIMAN, by next friend, *vs.* EUGENE F. SANGER.

Penobscot.    Decided December 20, 1877.

*Trial.  New trial.  Exceptions.*

It is within the discretion of the presiding judge to admit answers to leading
    questions.

An exception that "objections to" a specified interrogatory "as defective in sub-
    stance, were made before the answer was read to the jury" cannot be sustained.
    Objections should be specific and not general.

The fact that irrelevant testimony was admitted against seasonable objections,
    . does not entitle the excepting party to a new trial, unless it appear that he was
    aggrieved thereby.

A general exception to an entire charge, or to a series of propositions therein con-
    tained, cannot be sustained where any independent portion excepted to is sound
    law and applicable to the case.            . .

ON EXCEPTIONS.

CASE against the defendant, a physican and surgeon, for mal-
practice in the treatment of congenital club-foot or *talipes varus,*
brought by the plaintiff, seven years old, by next friend.    The
defendant cut the heel cord, the *tendo achillis* of each of the feet,
May 22, 1871, when the plaintiff was 13 months old.    The subse-
quent treatment was in bringing the toes and fore part of the feet
round to their natural position and the heels down, applying mod-
ified Scarpa's shoes, giving directions to the plaintiff's mother to
rub the feet, and subsequent calls to see the shoes fitted; and
November 30, 1871, fitting to the plaintiff's feet another pair of
retentive shoes less costly and less complicated than the former,
for the reason, as the defendant alleged, of the inability of the
parents of the plaintiff to pay for better shoes.    The alleged acts
of malpractice consisted in. unnecessarily and unskillfully severing
the heel cords; in furnishing shoes not the most approved for
such a case ; in not giving the case the proper after treatment to
cure the defective muscles; and in not visiting and giving atten-
tion to the case when called upon so to do.    There was testimony
in support of all the positions taken by the plaintiff and of all the
positions taken by the defendant.

The defendant testified that January 18th, 1871, he was called

to see another child, and his attention was then called to this club-foot child; that, April 3, he was called to see the children, and that he could not tell the reason of this call; May 10th or 11th, was next called, and measured the club feet for shoes; that, May 18th, he delivered the shoes; that, May 22d, he performed the operation, another physician being present; that, May 23d, he called to see how the shoes fitted; that, up to May 23d, inclusive, he had been there four times on account of this child; that he called again June 4th or 5th, and that June 12th, he made charge for the shoes; that he called again June 17, when his active duties in this case ceased; that he called again November 26th or 27th, and that November 30th, he fitted the second pair of shoes, and did not afterwards see the child; that he paid for first pair of shoes, $10.00, expenses on same, 30 cts.; second pair, $2.81; that he received only $10.00 in all; that no complaint was made to him by parents of his treatment until 1876, when he put his bill for services and disbursements into the hands of his attorney for collection.

The defendant took deposition of Nathaniel Green of Boston. The interrogatories became, in some way unknown to the counsel on either side, detached from the answers and lost, and the defendant's counsel took the original interrogatories from the files of the court, and read them to the jury in connection with the answers; this was not known to the plaintiff's counsel until after trial and verdict returned and affirmed. All the objections minuted on the interrogatories, were renewed at the trial, and also objections to such interrogatories, as defective in substance, were made at the trial, and before the answers were read to the jury. All objections to the interrogatories were overruled by the court. One copy of said deposition is to be made part of the case, and may be referred to by either party.

The charge of the presiding justice, containing fourteen printed pages, is given in full.

The verdict was for the defendant.

"To the above rulings and to the charge of the justice presiding, the plaintiff excepts."

*B. H. Mace,* with *O. Gilmore,* for the plaintiff.

*C. P. Stetson*, with *J. R. Mason*, for the defendant.

VIRGIN, J. "To the above rulings and to the charge of the justice presiding the plaintiff excepts" is the language of the plaintiff's bill of exceptions.

1. No ruling relating to the reading to the jury of the original interrogatories together with the deposition having been made or requested, the objection thereto is not covered by the bill of exceptions; and therefore it cannot be considered. Moreover, if the objection were properly before us on motion, we cannot conceive how, in the absence of any suggestion of fraud, or of mistake in the copy, the plaintiff could be prejudiced by the act complained of. The answers would be unintelligible without the interrogatories; and if the copy which had become detached from the deposition was a correct transcript of the original, the answers would speak the same whichever set of interrogatories should be read in connection with them.

2. Assuming the sixth interrogatory to be leading in form as contended, it was within the discretion of the presiding justice to admit the answer; and its admission is not subject to exception. *Blanchard* v. *Hodgkins*, 62 Maine, 119.

The further exception to this interrogatory, found in the bill of exceptions, expressed in the following general terms : "Objections to such interrogatories, as defective in substance, were made at the trial, and before the answers were read to the jury," cannot be sustained. The language is too general. The excepting party can test the ruling made at *nisi prius* and none other. What the objection raised there was, if other than a general one, the bill of exceptions fails to disclose. It would seem but fair and just that objections to any particular question or answer, to be available on exceptions, should be specific, in order that the party offering it, may on hearing the objection, withdraw the proffered testimony if he choose, rather than suffer the delay and expense of going to the law court to settle it. *Glidden* v. *Dunlap*, 28 Maine, 379. At any rate, if the interrogatory was admissible upon any ground, the plaintiff was not aggrieved (R. S., c. 77, § 21); unless it was used for some purpose for which it was not admissible, which

these general exceptions utterly fail to show. But it was clearly admissible on several grounds and among them that of identification.

3. The same objections are made to interrogatory seven. The plaintiff now contends that it was irrelevant. Assuming this to be true, the plaintiff does not show that he was aggrieved by it; and the exception cannot be sustained. *Millett* v. *Marston,* 62 Maine, 477.

4. The ninth, eleventh and thirteenth interrogatories called for facts and were clearly admissible.

5. The plaintiff alleges a general exception to the entire charge, comprising thirteen printed pages; and thus brings before us the whole body of the law involved in the case without specifying a single error in his bill of exceptions. The unfairness of such a course, both to the court and the other party, is too palpable to require anything more than a simple statement of it. It is not the design of a bill of exceptions to draw the whole matter of a trial again into examination, but only such specific points as the excepting party considers illegally prejudicial. This mode of practice, long ago condemned by several of the most respectable courts of the land, and properly characterized by this court in *State* v. *Reed,* 62 Maine, 129, 135, will be tolerated no longer. On the contrary, we hold as it has been held in other jurisdictions, that a general exception to the charge, or to a series of propositions therein contained, cannot be sustained when any independent portion excepted to is sound. There is no pretense, that the principles of law laid down in the charge are not sound, that is sufficient under this general exception.

This practice of spreading out the whole charge on a bill of exceptions was discountenanced by the U. S. supreme court in the early cases of *Evans* v. *Eaton,* 7 Wheat. 356, 426; *Magniac* v. *Thompson,* 7 Pet. 348; *Gregg* v. *Sayre's Lessee,* 8 Pet. 244; in the later case of *Johnston* v. *Jones,* 1 Black. 209, 220; and condemned in the recent cases of *Rogers* v. *The Marshal,* 1 Wall. 644; *Harvey* v. *Tyler,* 2 Wall. 328; *Beaver* v. *Taylor,* 93 U. S. 46, 54.

So in New York as appears in *Lansing* v. *Wiswall,* 5 Denio, 213, 218, where the court say: "An exception can only be taken

on some particular point of law, for a mere general exception to a general charge amounts to nothing." "A general exception to the whole charge and to each part of it, when the charge involves more than a single proposition of law, and is not in all respects erroneous, presents no question for review on appeal," say the same court in *Jones* v. *Osgood*, 6 N. Y. 233. See also *Hunt* v. *Maybee*, 7 N. Y. 266, 273. *Decker* v. *Mathews*, 12 N. Y. 313, 320. *Caldwell* v. *Murphy*, 11 N. Y. 416. *Walsh* v. *Kelly*, 40 N. Y. 556.

" A general exception to the entire charge," (say the court in *Thrasher* v. *Tyack*, 15 Wis. 258) "will not avail a party unless the entire charge be erroneous." See also *Tomlinson* v. *Wallace*, 16 Wis. 224. *Morse* v. *Gilman*, 18 Wis. 373.

Same doctrine is held in Michigan. *Geary* v. *The People*, 22 Mich. 220.

And in Iowa, *Mershon* v. *National Ins. Co.* 34 Iowa, 88.

In Vermont the court say: "This court, sitting in error, can only try such errors as are specified and brought up on exceptions. The habit that has sometimes obtained, of "dragging" a case in this court, as for something lost, to find a fault that was undiscovered and unheeded in the trial of the cause, is ever unavailing to the client, and a deviation from professional propriety and duty." *Sequin* v. *Peterson*, 45 Vt. 255, 258.

*Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH, PETERS and LIBBEY, JJ., concurred.